**Michael WILLIAMS, Plaintiff,**

v.

**Benjamin WARD and Paul Regan, Defendants.**

**No. 75 Civ. 3838.**

United States District Court, S. D. New York.

July 20, 1976.

Michael Williams pro se.

Louis J. Lefkowitz, Atty. Gen., by Robert S. Hammer, Asst. Atty. Gen., New York City, for defendants.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

■ On July 9, 1976, defendants moved for an order pursuant to F.R.C.P. 55(c) vacating the grant of summary judgment to plaintiff on default. Although we accept as valid counsel's excuses for delay in responding to plaintiff's motion for summary judgment and the various directives of the court, we find that defendants' proffered defenses are without merit. For that reason, the motion to vacate is denied. See Moore's *Federal Practice*, Vol. 6, ¶ 55.10[1], at pp. 55–233 *et seq.* and cases cited in n. 14 and 15.

The gravamen of defendants' rather vaguely worded defense is two-fold. In the first place, they make the obvious point that the Parole Board is entitled to consider an inmate's mental condition in determining the advisability of release on parole, furlough, etc. Secondly, they claim that the material contained in plaintiff's parole file classifying him as mentally disturbed is either confidential—as, for example, his presentence probation report—or already known to plaintiff—as the allegedly threatening letter written by plaintiff to the sentencing judge.

■ The first proposition is, as we have noted, self-evident. The issue before us, however, is not whether the plaintiff is entitled to a "sanitized" file devoid of adverse information, but rather, whether he is entitled to be informed of the nature of that adverse information and to be given an opportunity to rebut it. We think the rationale of *Velger v. Cawley* (2d Cir. 1975) 525 F.2d 334, *cert. gr.,* —— U.S. ——, 96 S.Ct. 3188, 49 L.Ed.2d ——, 44 U.S.L.W. 3745,[1] and *Cardaropoli v. Norton* (2d Cir. 1975) 523 F.2d 990 [2] compels resolution of this issue in plaintiff's favor. It is beyond cavil that classification as mentally disturbed imposes a stigma to such an extent as to constitute a deprivation of "liberty" within the meaning of the due process clause. *Board of Regents v. Roth* (1972) 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; *Perry v. Sindermann* (1972) 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570. *Lombard v. Bd. of Educ. of City of New York* (2d Cir. 1974) 502 F.2d 631. Moreover, plaintiff has alleged—and defendants nowhere dispute—that he has been denied social furloughs, participation in work-release and release on parole as a direct result of the inclusion in his file of the adverse information here involved. The classification of plaintiff as mentally disturbed thus working "serious alteration in the inmate's conditions of confinement," it "may not be imposed in the absence of basic elements of rudimentary

---

1. *Held:* due process entitles discharged probationary policeman to a hearing to confront allegations of emotional instability contained in his personnel file.

2. *Held:* inmate must be afforded rudimentary due process rights before he can be classified as a Special Offender.

due process", not here provided. *Cardaropoli v. Norton, supra,* at 995.

With respect to defendants' contention as to confidentiality,[3] the seeming dilemma posed thereby is more imaginary than real. Defendants can provide plaintiff with a summary of the materials involved and the conclusions stated therein while at the same time maintaining the confidentiality of any sources upon which the conclusions may be based.

The final judgment will therefore provide that the defendants shall forthwith (within 30 days) provide the plaintiff with:

a. copies of all unconfidential material in his institutional file, and

b. a fair summary of confidential material, which summary shall not reveal sources but shall fairly state any conclusions adverse to the plaintiff which may be drawn therefrom.

Not sooner than 10 days thereafter, but in no event later than 60 days from the filing of the judgment in this case, the Parole Board shall grant plaintiff a new release hearing.

Defendants may, without waiving any rights on appeal, within 10 days hereof submit a proposed judgment embodying the foregoing provisions. If no such judgment is submitted, the court will fashion one of its own.

We wish to make crystal clear that we have exercised all our discretion in the defendants' favor and have denied the motion to vacate solely because in our view the defense suggested is as a matter of law unavailable. It therefore follows that this order is fully appealable.

SO ORDERED.

---

**3.** We have accepted counsel's assertion of privilege, although he has cited no authority for such an assertion.